7048

SULLIVAN v. CITY OF ANDERSON.

1. Cities and Towns—Negligence—Highways.—That a bridge in a city had a hole in it and the timbers were not sound is some evidence from which the jury could infer there was negligence in municipal authorities in not making necessary repairs.

2. Ibid.—Ibid.—Ibid.—The evidence here does not conclusively show negligence or contributory negligence on part of driver in managing a horse injured in a defective bridge, and from it the jury could infer the load did not exceed the ordinary weight.

3. Ibid.—Ibid.—Ibid.—Damages.—The measure of damages for injury to a horse by the negligence of another is the difference between the market value of the animal immediately before the injury and his value in a partially restored condition, referred back to the time of the injury; including the reasonable expenses of treatment and care.

Before Hydrick, J., Anderson, June term, 1907. Affirmed.

Action by C. P. Sullivan against City of Anderson. From judgment for plaintiff, defendant appeals.

*Mr. John K. Hood,* for appellant, cites: *Loss for care and keep of the horse is not admissible here:* 51 S. C., 484. *Plaintiff did not show his load did not exceed ordinary weight:* 58 S. C., 417. *Driver was guilty of contributory negligence:* 58 S. C., 418.

*Mr. G. Cullen Sullivan,* contra, cites: *Burden of showing want of negligence is not on plaintiff:* 54 S. C., 509; 58 S. C., 417. *Negligence of plaintiff to bar recovery must be the proximate cause:* 73 S. C., 257; 76 S. C., 206. *Expenses incurred in caring for and keeping the horse are elements of damages:* 47 S. E., 218; 10 S. E., 918; 13 Cyc., 150: 4 S. E., 759; 6 L. R. A., 454; 9 L. R. A., 807; 66 S. C., 448; 76 S. C., 202.

November 16, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff brought this action under section 2023 of Civil Code, to recover one hundred and fifty dollars damages for injuries inflicted on a horse, due to a fall, caused by the feet of the horse being caught in a bridge in one of the streets of the city of Anderson. The Circuit Judge instructed the jury if the plaintiff was entitled to recover at all, the verdict should be for depreciation in value of the horse, due to the accident, and the expense for keeping him for a reasonable time thereafter, including the cost of feed, care and medicine. The jury rendered a verdict for ninety-nine dollars and fifty cents.

These questions are involved in the appeal: Was there any evidence that the horse was injured through a defect in the bridge, due to the neglect or mismanagement of the public authorities of the city of Anderson? Did the evidence admit of no other inference than that the accident and

injury were due either solely to the negligence of the driver in charge of the horse, or that the negligence of the driver contributed to the injury as a proximate cause? Was there any evidence that the load on the wagon exceeded the ordinary weight? Could the expense of care and treatment of the injured horse for a reasonable time after the injury be taken into the estimate of damages?

There was evidence on the part of the plaintiff that the bridge was in bad condition before the accident; that there was a hole in it, and the timbers were unsound. As the witness, Geer, testified these defects were apparent to him, there was some evidence from which the jury could conclude it was negligence for the municipal authorities not to observe the defects and make the requisite repairs.

The evidence relied on to show negligence of the driver was very far from conclusive. It is true, when the plank gave way, causing the horse to fall, he had pulled the horse to one side of the bridge to avoid a hole on the other side; but this was a reasonable precaution, furnishing no evidence of negligence. There was nothing to show excessive speed or any other act proving conclusively a lack of due care and contributing to the fall and injury of the horse. As the driver testified he had been out delivering groceries to the customers of the plaintiff, and was returning after such delivery, when the accident happened, this was evidence from which the jury might infer that the load on the wagon had been discharged, or at least that the wagon did not contain a load of more than ordinary weight.

The charge of the Circuit Judge as to the right of recovery for expenses reasonably incurred in the effort to cure the horse was in accord with reason and authority. The rule is well established that it is the duty of the owner of property, injured by the negligence of another, to use all reasonable effort to minimize the damage. *Willis* v. *Tel. Co.,* 69 S. C., 539, 48 S. E., 538;

*Jones* v. *Tel. Co.,* 75 S. C., 213, 55 S. E., 218. If such effort is successful, the wrongdoer receives the benefit of it, and it is but just that he should bear the expense. He cannot impose the expense upon the owner, merely because the effort to save him from loss happened to be unsuccessful. It is, of course, a condition of the allowance of expense incurred in the effort to minimize the damages, by restoring the property or otherwise, that it should be undertaken with a reasonable prospect of success, and that it should be prudently and economically incurred. The following authorities hold the wrongdoer liable for such expenses, reasonably incurred: *Watson* v. *Proprietors of Lisbon Bridge* (Me.), 31 Am. Dec., 49; *Sullivan Co.* v. *Arnett* (Ind.), 19 N. E., 299; *Gulf C. & S. F. Ry. Co.* v. *Keith* (Tex.), 11 S. W., 1117; *Atwood* v. *Boston F. & T. Co.,* 185 Mass., 557, 71 N. E., 72; *Ellis* v. *Hilton,* 78 Mich., 150, 16 Am. St., 438, 6 L. R. A., 454; *St. Louis, I. M. & S. Ry. Co.* v. *Biggs,* 6 S. W., 724; *So. Ry. Co.* v. *Gilmer* (Ala.), 39 So., 265; *Telfair Co.* v. *Webb* (Ga.), 47 S. E., 218, 13 Cyc., 150.

Though the facts were different, the same principle was involved in *Strange* v. *R. R.,* 77 S. C., 182, 57 S. E., 724. There the action was for delay in the delivery of a traveling salesman's sample trunk, and it was held that measure of damages for the delay in carriage was the expense and detriment to the special business, with reference to which the carriage was undertaken, fairly attributable to the delay, *including expenses and loss of time reasonably incurred in the effort to find the delayed property.*

The general rule is that the owner of a horse or other animal injured by the negligence of another is entitled to recover the difference between the market value of the animal immediately before the injury and its market value immediately after the injury. But where, as in this case, by the care and treatment of the owner, there has been a partial restoration, the measure of damages is the difference in the market value of the animal immediately before the

injury and what would be its market value at the same time, in its condition of partial restoration, together with the reasonable expenses of treatment and care. We express no opinion as to whether loss of service should be included, as that item was not embraced in the charge of the Circuit Judge. The market value of the animal in its condition of partial restoration is referred back to the time of the injury, because neither the owner of the property nor the person who inflicts the injury can be required to take the risk of fluctuations in the market after the liability was incurred.

There is difference of judicial opinion as to whether the limitation laid down in some of the cases, that the aggregate of damages may not exceed the total value of the animal, is sound. As that point is not involved here, we shall not anticipate it.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.