## 10512

### LESTER v. FOX FILM CORPORATION.

#### (104 S. E. 178.)

DAMAGES—LOSS OF REVENUE CAUSED BY FAILURE TO GET PARTICULAR FILM MAY BE RECOVERED; "RENTAL VALUE."—In an action for breach of contract to supply defendants' motion picture films to plaintiff for exhibition, where it was shown that defendants' films were popular, and that the income from their exhibition was reasonably ascertainable, plaintiff is entitled to more than nominal damages, though his witness could not state the rental value of the pictures; rental. value meaning only such damages as are recoverable in a particular case, and in this case would mean the revenue which the exhibition of the picture would bring.

Before TOWNSEND, J., Richland, May term, 1919. Reversed.

Action by L. T. Lester, Jr., doing business as Rivoli Theatre, against Fox Film Corporation for fraudulent breach of contract. From verdict of $1.00 for plaintiff, the plaintiff appeals.

*Messrs. Wm. N. Graydon* and *Jno. Hughes Cooper,* for appellant, cite: *Error to hold that only nominal damages recoverable for breach of contract:* 81 S. C. 181; 75 S. C. 58; 77 S. C. 182; 53 S. C. 378; 110 U. S. 338; 28 L. Ed. 168; 4 Sup. Ct. Rep. 81.    *Uncertainty of amount does not make damages speculative:* 70 S. C. 13; 103 S. C. 467. *Punitive damages recoverable:* 70 S. C. 108; 96 S. C. 240; 90 S. C. —; 90 S. C. 366.    *Court could not say no testimony to go to jury without charging on facts:* Art IV, sec. 26, Const. 1895; 47 S. C. 488; 49 S. C. 481; Hughes Instructions to Juries, sec. 187.    *Jury was coerced:* 103 S. C. 277; 106 S. C. 150; 107 S. C. 115.    *Additional grounds urged by respondent not properly to be considered in jury case:* 23 S. C. 96; 106 S. C. 317-19; 64 S. C. 571; 75 S. C. 156.    *Rules of Court violated by size of case:* 98 S. C. 454; 110 S. C. 518.

*Messrs. Nettles & Tobias,* for respondent, cite: *No contract where it was subject to approval by executive officer of defendant; and with conditions attached:* 100 S. E. 59; 102 S. C. 419; 75 S. C. 808; 31 Atl. 390 (N. J.).    *Can be no contract to contract where terms are still indefinite:* Clark Conts. (3d Ed.), p. 52; 100 S. E. 59.    *Measure of damages:* 81 S. C. 181.    *New rule to fit particular circumstances in 77 S. C. 182.    Profits speculative:* 82 S. C. 468; 50 N. E. 58; 155 N. Y. 446; 98 S. E. 334; 45 N. Y. 562; 41 S. E. 911; 69 N. Y. 489; 69 Am. Dec. 718; 2 Ind. 597; 5 App. D. C. 524; 48 Mich. 428; 12 N. W. 640; 91 Mich. 156; 30 Am. St. Rep. 466; 37 Pac. 51; 36 Barb. 36; 51 N. W. 250; 20 How. Prac. 102; 130 U. S. 620; 51 Pa. St. 165.    *No fraud in alleged breach:* 91 S. C. 417.

October 12, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The action is for damages for the breach of a contract; the Court left it to the jury to find if there had been a contract, and instructed the jury that only nominal damages had been proven, and the jury returned a verdict for the plaintiff for $1.

There are 16 exceptions by the plaintiff and 5 by the defendant, but the briefs discuss only three questions, to wit: (1) Was there a contract? (2) Was it broken with fraudulent intent? (3) Was there a substantial damage? We are content to say that there was plainly a contract by the defendant to rent to the plaintiff moving picture films, and that the defendant breached the contract. The jury so found, the Court sustained the findings, and the testimony fully warrants so much. And the same is true with reference to the issue of the alleged fraud by the defendant; the Court rightly refused to submit that issue to the jury, because the testimony did not warrant such a submission.

The third issue is that upon which the chief contest was waged throughout the trial, and on which the Court stumbled, and that is the only issue in the case which needs to be decided. The moving picture business has come to be a standard one; good pictures draw crowds of spectators as surely as sugar attracts flies; and the intake of money is reasonably capable of ascertainment. The testimony tended to show that the Fox films were amongst the best on the market. In this view it is manifest that when the defendant refused to deliver the pictures to the plaintiff, but sold them to a competitor in the same town, the plaintiff is entitled to more than nominal damages for the wrong thus done to him. We venture to think that counsel and Court got tangled in technical words like "speculative damages" and "rental value." It is true that some speculative damages are not recoverable; but that is not saying that the reasonably certain money which sure crowds of people pay to see good pictures is speculative; that event is reasonably certain of ascertainment. The Court ruled that the plaintiff might

recover the "rental value" of the pictures, and the plaintiff's counsel tried in vain to get the witness to testify to the "rental value" of the pictures; but the witness was unable to comprehend the technical meaning of those words. He answered: "I rent the pictures to sell to the public. I ain't in the renting business." Like the words "speculative damages," so the words "rental value" are of very general and technical meaning, and they are only a name for such damages as are recoverable in a particular case. The Fox Company was the only vendor of these films, and if the plaintiff could not get the pictures from Fox he could not get them at all; if the exhibition of them would have brought him a certain revenue, then that revenue is called rental value.

The respondent has cited a recent case from one of our own reports which is conclusive against him; it makes directly for the appellant. *Standard v. Carter,* 81 S. C. 182, 62 S. E. 150, 19 L. R. A. (N. S.) 155. See, also, *Beach v. Johnson,* 102 Miss. 419, 59 South. 800, Ann. Cas. 1914d, 33. See, also, 8 R. C. L., page 503. The question needs no further elaboration than has been given to it in the case first cited.

We are of the opinion that the testimony which the Court excluded and which tends to show what the plaintiff would make out of the pictures, was competent; and that so much would have warranted the Court to submit to the jury the question of substantial damages.

The judgment is reversed.