## 11513

### COLEMAN v. LEVKOFF

#### (122 S. E., 875)

1. DAMAGES—ESTIMATE OF COST OF REPAIRING DAMAGED AUTOMOBILE HELD NOT ERROR.—In an action for damages to an automobile, admission of an estimate of cost of repairing it *held* not error.

2. DAMAGES—INSTRUCTION AS TO MEASURE OF DAMAGES FOR INJURY TO AUTOMOBILE HELD NOT ERROR.—An instruction as to the measure of damages for an injury to an automobile *held* not erroneous.

3. DAMAGES—GENERAL RULE AS TO MEASURE OF FOR INJURY TO PERSONALTY STATED.—The general rule is that owner of personalty injured by another's negligence can recover difference between market value immediately before and market value immediately after the injury.

4. DAMAGES—OWNER OF INJURED PROPERTY MUST MINIMIZE DAMAGE.—Owner of property damaged by another's negligence must use all reasonable effort to minimize the damage.

5. DAMAGES—COST OF RESTORING DAMAGED PROPERTY TO PREVIOUS CONDITION HELD MEASURE OF DAMAGE.—Where property owner, in exercise of his duty to minimize damage, had property repaired and restored to condition in which its market value equals or exceeds market value before injury, measure of damages is reasonable cost of restoring property to its previous condition, together with value of use of property during the time reasonably required to repair it.

6. DAMAGES—RENTAL VALUE IS PERTINENT CONSIDERATION ON QUESTION OF USABLE VALUE.—On the question of value of use of property of which owner was deprived, expense of hiring a substitute for that of which he was deprived is a pertinent consideration.

7. DAMAGES—MEASURE WHERE MARKET VALUE OF REPAIRED PROPERTY DOES NOT EQUAL MARKET VALUE OF PROPERTY PRIOR TO INJURY.—Where property damaged is repaired but not restored to condition in which its market value is equal to market value before injury, the measure is difference in market value immediately before injury and market value immediately thereafter in its condition of partial restoration, together with reasonable cost of repairs made and value of the use of which owner was deprived during the time reasonably required to make repairs.

8. MUNICIPAL CORPORATIONS—AUTOMOBILE DRIVER'S CONTRIBUTORY NEGLIGENCE IN VIOLATING SPEED ORDINANCE HELD FOR JURY.—Whether plaintiff's negligence in driving his car at a speed in excess of that prescribed by ordinance was sole proximate cause of collision or contributed thereto as a proximate cause *held* for jury.

Before WHALEY, J., County Court, Richland, May, 1923. Affirmed.

Action by J. Bruce Coleman against Mrs. Laz Levkoff. Judgment for plaintiff and defendant appeals.

*Mr. Frank G. Tompkins,* for appellant, cites: *Court erred in not directing a verdict:* 94 S. C., 143; 34 S. C., 44; 109 S. C., 331. *Negligence per se:* 108 S. C., 390; 115 S. C., 495. *Proximate cause:* 94 U. S., 469.

*Mr. Thomas H. Moffatt,* for respondent, cites: *Testimony:* 100 S. C., 363; 19 S. C., 70; Lights—City Ordinance Art. 6, page 6; 108 S. C., 472. *Contributory negligence a question for the jury:* 102 S. C., 468; 109 S. C., 210; 25 S. C., 128. *Judge's charge on damage correct:* 81 S. C., 478; 61 S. C., 327; 81 S. C., 181; 104 S. E., 178.

May 14, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action for damages in the sum of $600, on account of injury to his automobile, alleged to have been sustained by plaintiff as result of a collision with defendant's car on Saluda Avenue in the City of Columbia. The plaintiff ran his car into the car of the defendant about 9 o'clock at night,

February 8, 1923, and alleges that the collision and consequent injury to his automobile were caused by the unlawful and negligent acts of the defendant in improperly parking her automobile in the street "contrary to the rules of prudence and the ordinances of the City of Columbia." Defendant denied plaintiff's allegations of negligence, and set up as defenses (1) the sole negligence of the plaintiff, and (2) the contributory negligence of the plaintiff. Plaintiff recovered verdict for $250, and from judgment thereon the defendant appeals.

The first exception assigns error in the ruling of the trial Judge "permitting in evidence," over defendant's objection, an estimate as to cost of repairing plaintiff's car. Cooper, a witness for plaintiff, stated that he had made such estimate. He was then asked what the estimate was. Defendant's counsel objected "to the estimate," but stated no ground. Thereafter the witness read an estimate made by him as an employee of the Roddey Motor Company, at plaintiff's request, as to cost of repairing plaintiff's machine. In any view of the measure of damages, the cost of repairing the injured machine was directly relevant. The condition of the machine after the injury from the viewpoint of what would be required to repair it was a matter clearly within the scope of the inquiry. Defendant's counsel suggests in argument that the estimate was "incompetent as being merely a statement to support testimony of the witness as to what he found actually wrong with the car, and was grossly in excess of the repairs which were proven to have been made." It does not appear that the memorandum was not such a writing as the witness was entitled to use to refresh his memory, nor does it appear that the writing itself was introduced in evidence. See *Gwathmey v. Foor Hotel Co.*, 121 S. C., 237; 113 S. E., 688. The exception must be overruled.

Appellant's second contention (exceptions 6 and 7) is that the presiding Judge erred in charging the jury as to

contributory negligence.    It is complained that the language of the Judge not only failed to enlighten, but was so worded as to give, the jury an erroneous view.    The exceptions fail to point out any specific error, and an examination of the charge complained of fails to disclose any ground for valid criticism.

Appellant's third contention (exceptions 5 and 9) is that the presiding Judge erroneously instructed the jury as to the measure of damages.    The charge complained of is as follows:

"The proper measure would be to take the reasonable market value of the automobile just before the occurrence, and the reasonable market value just after the occurrence, and the difference between those two values in the eyes of the law would make that party whole; that much money figured with what he has left of the property and added to that would make him whole, and in this case, provided it is proven, he would be entitled to reasonable compensation for being out of the use of the car, for the time it would have reasonably taken to fix it and only during that time, and he would be entitled to the reasonable rental value of a like car of this make, or if that could not be gotten, then one as near like it as possible."

Defendant made no specific request to charge, and at the conclusion of the Judge's charge, in response to an inquiry from the Court as to whether counsel desired any further charge, defendant's counsel answered in the negative.

The general rule is that the owner of personal property, injured by the negligence of another, is entitled to recover the difference between the market value of the property immediately before the injury and its market value immediately after the injury.    17 C. J. 877, § 183; *Sullivan v. City of Anderson,* 81 S. C., 478; 62 S. E., 862.    But it is the duty of the owner of property, injured by the negligence of another, to use all reasonable effort to minimize the damage.    *Sullivan v. City of Anderson, supra.*

*Willis v. Tel. Co.,* 69 S. C., 539; 48 S. E., 538; 104 Am. St. Rep., 828; 2 Ann. Cas., 52. *Jones v. Tel. Co.,* 75 S. C., 208; 55 S. E., 318. If in the discharge of that duty the owner has the property repaired and restored to a condition in which its market value equals or exceeds the market value before the injury, the measure of damages in that case is the reasonable cost of restoring the property to its previous condition, together with the value of the use of the property during the time reasonably required to repair it. As bearing on the question of the value of the use of the property of which the owner was deprived, the rental value or expense of hiring a substitute for that of which he was deprived is a pertinent consideration. See 17 C. J., 877, 878, §§ 183, 184, and cases cited. If as a result of the repairs the property is not restored to a condition in which its market value is equal to the market value before the injury, then the measure of damages is the difference in the market value of the property immediately before the injury and its market value immediately thereafter, in its condition of partial restoration, together with the reasonable cost of the repairs made and the value of the use of which the owner was deprived during the time reasonably required to repair the property. *Sullivan v. City of Anderson, supra.*

In the case at bar plaintiff had his car repaired at a cost appoximately of $250.27. While the presiding Judge's charge was not as full as it might well have been on this phase of the case, we are satisfied that there was no prejudicial error. The amount of the verdict seems to have been for the amount approximately of the plaintiff's bill for the repairs. It does not appear that the amount of the verdict included anything for the deprivation of the use of the property, and the verdict is certainly not susceptible of the inference that a recovery was allowed for any difference in the market value of the property before and after the injury and also for the cost of repairs. Exceptions 5 and 9 are therefore overruled.

Appellant's only remaining contention (exceptions 3 and 8) is that the trial Judge erred in not directing a verdict in favor of the defendant, upon the ground that the evidence was open to no other reasonable inference than that the plaintiff's injury was caused either by his sole negligence or by his contributory negligence and willfulness. The contention, as we understand it, is predicated mainly upon the proposition that plaintiff by his own admission, was driving at a speed in excess of the limit imposed by a city ordinance. Plaintiff testified that he was running about 18 miles an hour, and it appears that the speed limit prescribed by the ordinance was 15 miles an hour. But whether the negligence of the plaintiff in driving at a speed in excess of the prescribed limit, or his negligence in any other particular, was the sole proximate cause of the collision, or contributed thereto as a proximate cause, was, under the facts in this case, a question for the jury. If the plaintiff had been running at 15 miles per hour instead of 18, can it be said with any degree of certainty that the collision would not have occurred? Did the difference in speed between 15 and 18 miles per hour contribute to the collision to an extent and in a manner that would enable the trial Court to say as a matter of law that without this negligence, which consisted in the slightly excessive speed, the collision would not have occurred? We think the evidence affords no adequate basis for that conclusion. Obviously the effect of speed would depend upon many considerations, such as grade of the street, sufficiency of the brakes, distance obstruction was seen before brakes were applied, etc. We are clearly of the opinion that the issue was properly submitted to the jury.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE FRASER: I must dissent from the opinion of Mr. Justice Marion on two points.

1. I think the trial Judge erred in charging the jury that the measure of damages for the loss of the use of the plaintiff's car was the rental value of another car of similar make, during the time he was deprived of his car for a reasonable time. To my mind there is a great difference in the loss of the use of a car by different men. For instance: One man has a car that he uses only for the purpose of going to and from his place of business. Another man has constant use for his car and must have it at hand at all times. The first man can hire a public hack for 25 cents each way. His loss is 50 cents a day. The other man must rent a car for a day at a time at a rental, say, of $5 per day. One man has lost, by the injury to his car, 50 cents a day, and the other man has lost $5 per day. The purpose of damages is to save a man from loss, and, as the loss is not the same, the damages should not be the same.

The case of *Lester v. Fox Film Corporation,* 114 S. C., 533; 104 S. E., 178, and the cases therein cited, are not in point. In that case the question was not what the plaintiff should have to pay for another film, but the loss of profits.

2. I think there should have been a directed verdict. The defendant is held for damages solely because she violated the city ordinance and her conduct was negligence *per se.* The plaintiff admits that he also violated the city ordinance, and as a matter of law he also was guilty of negligence *per se.* Now "contributory negligence to any extent will always defeat a recovery." *Cooper v. Ry. Co.,* 56 S. C., 95; 34 S. E., 17. That is the law in this State. It is a natural law that the penetrating power of a projectile is increased by an increase of speed. The jury might as well have made a finding that ignores the law of gravitation. It is a matter of natural law that the unlawful speed increased the injury. It is a matter of state law that the plaintiff was guilty of negligence in his unlawful speed and a matter of natural law that it contributed to the injury. Of course it was for the jury to say whether it was negligence or not for a man,

whose eyesight was not good, to ride with dim lights on his machine, upon a poorly lighted street, but they had no right to find that his driving at an unlawful rate of speed did not thereby contribute to his injury, and contributory negligence to any extent defeats recovery. To be specific, an automobile running at 18 miles an hour, if it comes into collision with another car, will do and receive more injury than if it were running 15 miles an hour. That the plaintiff was guilty of negligence is admitted. That the negligence contributed to the injury cannot be denied.

For these reasons I dissent.