17260

GROVER GIBSON BARNETT, Respondent, v. CHARLESTON & WESTERN CAROLINA RAILWAY COMPANY

(96 S. E. (2d) 555)

526

*Messrs. A. C. Todd,* of Greenwood and *Sam R. Watt* and *Chester D. Ward, Jr.,* of Spartanburg, *for Appellant,*

*Messrs. Carlisle, Brown & Carlisle*, of Spartanburg, *for Respondent,*

February 12, 1957.

E. H. HENDERSON, Acting Associate Justice.

This case is about a collision at a railroad crossing, and deals with the law of contributory negligence and proof of actual damages.

On July 29, 1954, the respondent was driving his large tractor and trailer in an easterly direction on West Henry street, in the city of Spartanburg. This is the truck route of the important highway number 29. Going up a slight grade he approached the three tracks of the appellant railway company. A switching engine was moving backward in a southerly direction on the main or center track, pulling behind it six freight cars. The respondent's tractor, in which he was sitting, cleared the main line, and the collision took place between the front of the locomotive and a point about fifteen feet from the back of the trailer.

The appellant moved for a nonsuit, and later for a directed verdict, on the ground that the evidence showed that the respondent was guilty of gross negligence and wilfulness. These motions were overruled, and the jury found a verdict for the respondent, for $1,006.08 actual damages, and $2,493.92 punitive damages.

There was some evidence that the bell on the engine was not ringing as required by section 58-743 of the code. The city ordinance prohibited the blowing of the whistle. *McAbee v. Southern Railway Company,* 166 S. C. 166, S. E. 444. So in view of the evidence of failure to ring the bell, it was incumbent upon the appellant to show that the respondent, in addition to mere want of ordinary care, was guilty of " 'gross or wilful negligence, * * * and that such gross or wilful negligence * * * contributed to the injury' ". *Ford v. Atlantic Coast Line Railroad Company,* 169 S. C. 41, 168 S. E. 143, 159, code, section 58-1004.

Let us examine the evidence to see if it appears as a matter of law that the respondent was guilty of " 'gross or wilful negligence' ", contributing to his injury.

The plaintiff testified that he approached the crossing at a speed of from five to eight miles an hour. On the corner, at his left, was the building of the Moretex Chemical Company, about twenty-three feet from the first rail of the main line. It interfered with his view up the track on the side toward Main street. He said that as he got near the tracks he looked both ways and saw nothing; and that he heard no bell ringing. It was after dark, about eight o'clock in the evening. The lights of his truck were on. He testified that there was no head-light on the engine. At the crossing there were no warning lights or gates. The flagman was not at the crossing, or ahead of the engine. He was running along beside the engine, on the opposite side from the respondent.

There was testimony to the contrary on the part of the witnesses for the appellant, but on motions of this kind we, of course, must view the evidence in

the light most favorable to the respondent. The photographs presented by the appellant, showing how far one could see up the track from varying locations, were taken at four o'clock on a bright, sunny afternoon, and throw little light on a situation where an engine was backing across a busy city street, at night, and as the respondent claims, without a light on it, not ringing a bell, and without having a flagman at the crossing.

We think that the circuit judge correctly refused to grant the appellant's motions, and properly left it to the jury to say whether the respondent was guilty of " 'gross or wilful negligence' ", so as to bar his recovery.

The appellant moved for an order striking the testimony of the respondent that there was no light on' the engine, on the ground that the complaint did not charge negligence in that respect. The motion was overruled by the trial judge, who held that the evidence was admissible to show the general situation at the scene, and to rebut the charge of contributory negligence. In his instructions to the jury he carefully limited the scope of the evidence, and told them that they could not consider it as a basis of recovery.

We see no error in his ruling. The answer alleged that the respondent was guilty of contributory negligence and wilfulness, among other things in not looking for an approaching train, in failing to exercise his sense of sight, and in driving upon the crossing without looking. Section 10-608 of the code provides that the allegation of new matter in the answer, not relating to a counterclaim, is to be deemed controverted by the plaintiff, as upon a direct denial. The respondent had the right to offer evidence to rebut the disputed allegations of fact set forth in the defense of contributory negligence. Whether or not there was a light on the engine had a strong bearing on his ability to see the train sooner in the exercise of proper care. It is said at 65 C. J. S., Negligence, § 201, p. 950, that "as a general rule on the issue of contributory negligence defendant may introduce evidence of any facts which tend to establish his defense, and

plaintiff may avail himself of any facts which tend to disprove such negligence, even though not alleged in his declaration or complaint."

Indeed, the ruling of the trial judge, limiting the purposes of the evidence, and his instructions to the jury thereabout, were quite favorable to the appellant, since there was in the complaint a specification charging the defendant with negligence "in failing to give proper warning of the approach of its engine to said crossing, and failing to give even slight warning thereof." The lack of lights on the engine was one of the evidentiary facts bearing on such alleged failure to give warning.

There remains to be considered the question of the proof of actual damages to the truck. The respondent testified that the left side of the trailer and one tire were damaged, the panel, the rail, and the door post were torn off, and the axles and springs knocked loose. He hauled the trailer to Richmond and had the repairs done by the company from which he had bought it. He paid them $986 for the repairs.

The appellant moved that the testimony that the respondent had paid for the repairs be stricken. The first ground of the motion was that the appellant was deprived of the opportunity of cross-examining the man who made the repairs. We think that this ground of the objection is without merit. The bill itself was not put in evidence. All the plaintiff testified was the substantive fact that he had paid a certain amount for repairs. Such payment could be proved by the one who made it.

The next ground for asking that the evidence be stricken was that there was "nothing to show what the truck was worth before or after it was damaged." We agree with the circuit judge that the jury could take into consideration evidence as to the money spent for repairs, along with other testimony in the case. In the case of *Coleman v. Levkoff*, 128 S. C. 487, 122 S. E. 875, 876, the Court said that "in any view of the measure of damages, the cost

of repairing the injured machine was directly relevant. The condition of the machine after the injury from the viewpoint of what would be required to repair it was a matter clearly within the scope of the inquiry."

And again, in that case, the Court said: "The general rule is that the owner of personal property, injured by the negligence of another, is entitled to recover the difference between the market value of the property immediately before the injury and its market value immediately after the injury. 17 C. J. 877, § 183; *Sullivan v. City of Anderson,* 81 S. C. 478, 62 S. E. 862. But it is the duty of the owner of property, injured by the negligence of another, to use all reasonable effort to minimize the damage. *Sullivan v. City of Anderson, supra; Willis v. [Western Union] Tel. Co.,* 69 S. C. 531, 539, 48 S. E. 538, 104 Am. St. Rep. 828, 2 Am. Cas. 52; *Jones v. [Western Union] Tel. Co.,* 75 S. C. 208, 55 S. E. 318. If in the discharge of that duty the owner has the property repaired and restored to a condition in which its market value equals or exceeds the market value before the injury, the measure of damages in that case is the reasonable cost of restoring the property to its previous condition, together with the value of the use of the property during the time reasonably required to repair it."

In the present case, in addition to the repair bill of $986 the respondent paid $25 to get the trailer in shape to be moved to Richmond. That comes to $1,011. The verdict for actual damages was about $1,006. Apparently the jury gave nothing for the $6 of ice which was on the truck, or for the respondent's loss of the use of his equipment for eighteen days, in hauling peaches to the northern markets, for which he claimed $75 a day. So this verdict turns out to be quite like that in the *Coleman case,* above, where it is said: "The verdict seems to have been for the amount approximately of the plaintiff's bill for the repairs. It does not appear that the amount of the verdict included anything for the deprivation of the use of the property, and the verdict is certainly not susceptible of the inference that a recovery was allowed for

any difference in the market value of the property before and after the injury and also for the cost of repairs."

All of the exceptions are overruled, and the judgment of the circuit court is affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.