**Elden R. CRAVEN, Appellee,**

v.

**SOUTHERN RAILWAY COMPANY,**
**Appellant.**

**No. 13213.**

United States Court of Appeals
Fourth Circuit.

Argued June 10, 1969.

Decided July 14, 1969.

Ben Scott Whaley, Charleston, S. C., (Nathaniel L. Barnwell, and Barnwell, Whaley, Stevenson & Patterson, Charleston, S. C., on the brief) for appellant.

E. Graydon Shuford, Jr., Hanahan, S. C., (Richard G. Lawrence, Hanahan, S. C., on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF and WINTER, Circuit Judges.

PER CURIAM:

This is the Southern Railway Company's appeal from a judgment after a jury verdict awarding Elden Craven $41,700 for damages arising out of a collision between his automobile and the railroad's train at a crossing in Charleston

County, South Carolina. Under the law of that state, railroads must sound warnings when approaching crossings with public highways. If the required warning is not given and a collision occurs, the railroad is liable for damages unless the injured party was guilty of "gross or willful negligence." [1]

The sole question on this appeal is whether the District Court erred in failing to direct a verdict for the railroad on the ground that Craven was guilty of gross contributory negligence as a matter of law. For purposes of the appeal, the railroad concedes its own negligence. A review of the evidence convinces us that the contested issue of plaintiff's gross contributory negligence was properly submitted to the jury. We affirm.

It is elementary that at the appellate stage the evidence and all inferences reasonably deducible therefrom must be viewed in the light most favorable to the plaintiff and that the burden of proof on the issue of the plaintiff's gross contributory negligence was on the defendant railroad. The Supreme Court of South Carolina has defined gross contributory negligence as a failure to use even slight care or as "negligence so gross and reckless as to amount to willfulness." Ford v. Atlantic Coast Line R. Co., 169 S.C. 41, 168 S.E. 143, 157 (1932). Thus, the railroad is not entitled to reversal unless it establishes that the evidence permits no inference but that the plaintiff Craven's conduct was so extreme as to fall within this definition.

The case was fully tried below, and the factual issues were sharply controverted. Measurements, photographs and eyewitness testimony were adduced before the jury, and conflicting versions of the accident were presented and debated. Clearly the question was one for the jury. This is not a case in which a rational mind could infer from the evidence only that the plaintiff was guilty of negligence so gross and reckless as to amount to willfulness. The plaintiff's version, if credited, negated a finding of gross contributory negligence. There is no basis for disturbing the jury's verdict and the resulting judgment. Simmons v. Atlantic Coast Line R.R. Co., 250 S.C. 199, 157 S.E.2d 172 (1967); Gossett v. Piedmont & Northern Railway Co., 241 S.C. 501, 129 S.E.2d 326 (1963); Barnett v. Charleston & Western Carolina Ry. Co., 230 S.C. 525, 96 S.E.2d 555 (1957); Carter v. Atlantic Coast Line R. Co., 192 S.C. 441, 7 S.E.2d 163 (1940).

Affirmed.

---

1. Section 58–1004 of the Code of Laws of South Carolina provides:

*Injuries at crossings; penalty and damages.* If a person is injured in his person or property by collision with the engine or any car of a railroad corporation at a crossing and it appears that the corporation neglected to give the signals required by the General Railroad Law and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision or to a fine recoverable by indictment, unless it is shown that in addition to a mere want of ordinary care the person injured or the person having charge of his person or property was at the time of the collision guilty of gross or willful negligence or was acting in violation of the law and that such gross or willful negligence or unlawful act contributed to the injury.