1595

DUKE POWER COMPANY, Respondent v. David C. THORNTON and Vesta L. Thornton, Appellants.

(401 S.E. (2d) 195)

Court of Appeals

*H. Spencer King* and *Karen Lynn Kanes, King & Hray,* Spartanburg, *for appellants.*

*James D. Jolly, Jr., Watkins, Vandiver, Kirven, Gable & Gray,* Anderson, and *Jeff D. Griffith, III,* Charlotte, N.C., *for respondent.*

*William F. Austin* and *Russell H. Putnam, Jr., Austin Law Firm,* Columbia, *for amici curiae Southern Bell Tel. & Tel. Co., Inc., United Telephone Co. of the Carolinas,* and *Carolina Power & Light Co.*

Heard Dec. 10, 1990.

Decided Jan. 21, 1991.

CURETON, Judge:

This is an action by a utility company to recover damages for appellants' destruction of its utility pole. Liability was admitted by the Thorntons. The case was tried before a magistrate who disallowed depreciation and ordered judgment for the entire replacement cost. The circuit court affirmed the magistrate's judgment on appeal. The Thorntons appeal the circuit court's ruling contending the wrong measure of damages was applied. We affirm.

Simply stated, the question is whether the utility company should recover the full replacement cost of the utility pole or whether depreciation should be considered. The parties stipulated the actual replacement cost of the utility pole including labor and materials was $1008.56. An accountant for Duke Power testified the company depreciates all of its distribution property at an annual rate of 3.4 percent. The electric distribution system consists of all the components of the system including the poles. Duke Power has approximately 1.5 million poles in its system. For accounting and tax purposes Duke

Power estimates the average life of all its utility poles to be 29.4 years in keeping with the annual depreciation rate of 3.4 percent for its distribution system.[1] This pole was installed in 1961 or 1962.

The magistrate and the circuit court agreed the proper measure of damages was the full replacement cost and not a depreciated measure. The Thorntons contend it is an error of law to not consider depreciation because otherwise the utility recovers more than it is entitled to and results in betterment to its system.

Courts have differed in their decisions on this issue but a majority of the jurisdictions appear to support the position of Duke Power that the proper measure of damages for wrongful destruction of a utility pole is the necessary expense in replacing the pole. *Horton v. Georgia Power Co.*, 149 Ga. App. 328, 254 S.E. (2d) 479 (1979); *Mississippi Power & Light Co. v. Tillman*, 291 So. (2d) 736 (Miss. 1974); *Appalachian Power Co. v. Morrison*, 152 W. Va. 638, 165 S.E. (2d) 809 (1969); *New Jersey Power & Light Co. v. Mabee*, 41 N.J. 439, 197 A. (2d) 194 (1964).

Although Duke Power has for tax purposes estimated the life of its poles at 29.4 years this does not mean that specific poles do not serve much longer or much shorter periods. There is no policy of replacing poles at a specified time. A utility pole has value as an integral component of the utility company's electrical distribution system. Its value is based on the premise that it will remain in place and continue to perform its function in conjunction with other poles. *Horton*, 149 Ga. App. 328, 254 S.E. (2d) 479. Accordingly, utilities expect their poles to last for an indefinite period of time. The court in *New Jersey Power* discusses the question of the life expectancy of utility poles as follows:

> If the life of every pole were 36 years and if it were clear that each pole would be replaced at the end of that period, defendants could well urge that a new pole clearly conferred a benefit beyond the amount of the damage

---

[1] The accountant testified that as long as a pole is standing and functioning it is as valuable as a new one. "Now we record depreciation only to allocate the costs over the life, not to record a decline in value." "[W]e don't know what the life of any particular pole is."

done. The difficulty is that there is no discernible life expectancy of an individual pole and that although the period of 36 years is used for accounting purposes, the pole that was destroyed might well have served for a much longer period and the new pole may last but for a few years. Moreover, because of the changes in circumstances or in technology, it cannot be known whether the pole would ever have been replaced. In short, at least upon the record before us, we cannot say with a reasonable assurance that the installation of a new pole did more than remedy the wrong done. An injured party should not be required to pay out money, as defendants' approach would require, upon a questionable assumption that one day its worth will be recaptured.

*New Jersey Power & Light Co. v. Mabee,* 41 N.J. 439, 442, 197 A. (2d) 194, 195 (1964).

The dispositive inquiry is whether the replacement of the pole in question made the utility company whole or whether it conferred a future benefit on the utility. As a general rule, the measure of damages for injury to personal property is the difference between the market value of the property immediately before and its value immediately after the injury. *Coleman v. Levkoff,* 128 S.C. 487, 122 S.E. 875 (1924); see *Carolina Power & Light Co. v. Paul,* 261 N.C. 710, 136 S.E. (2d) 103 (1964). If, however, a market does not exist for the property, the rule cannot be applied.[2] In such cases, the courts use the cost of repairs or replacement value of the property. *Carolina Power & Light Co.,* 261 N.C. 710, 136 S.E. (2d) 103.

Accordingly, we hold that the necessary expense in replacing the utility pole is the proper measure of damages for its wrongful destruction. *Horton,* 149 Ga. App. 328, 254 S.E. (2d) 479.

Affirmed.

SHAW and BELL, JJ., concur.

---

[2] Duke's employee testified used poles have no real market value.