**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bridgett Fowler, Appellant,

v.

Fedex Ground Package System, Inc. and James K. Ard d/b/a JMK Logistics Corporation, Respondents.

Appellate Case No. 2019-001722

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-020
Submitted October 3, 2022 – Filed January 18, 2023

———————

**AFFIRMED**

———————

Tyler Ryan Turner and Mary Allison Caudell, both of Turner & Caudell, LLC, of Columbia, for Appellant.

Dominic Allen Starr, of McAngus Goudelock & Courie, LLC, and Abigail Edwards Saunders, of Maguire Law Firm, both of Myrtle Beach, for Respondents.

———————

**PER CURIAM:** Bridgett Fowler appeals the trial court's grant of summary judgment in favor of Fedex Ground Package System, Inc. and James K. Ard d/b/a JMK Logistics Corporation regarding damages for pain and suffering in this

negligence case based upon the unfortunate and understandably upsetting death of her pet dog, Honey Bunny. We affirm.

1. As to the trial court's reliance on late nineteenth-century caselaw and reference to more recent but unpublished caselaw, we find the circuit court properly examined the law in arriving at its conclusion. *See Cafe Assocs., Ltd. v. Gerngross*, 305 S.C. 6, 9, 406 S.E.2d 162, 164 (1991) ("Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."); *State v. Langford*, 55 S.C. 322, 326, 33 S.E. 370, 371-72 (1899) (considering whether a dog could be the subject of larceny when the relevant statute required the stealing of property and concluding a dog constituted property or a chattel); *Coleman v. Levkoff*, 128 S.C. 487, 490, 122 S.E. 875, 876 (1924) ("The general rule is that the owner of personal property, injured by the negligence of another, is entitled to recover the difference between the market value of the property immediately before the injury and its market value immediately after the injury."); *Duke Power Co. v. Thornton*, 303 S.C. 454, 457, 401 S.E.2d 195, 196 (Ct. App. 1991) ("As a general rule, the measure of damages for injury to personal property is the difference between the market value of the property immediately before and its value immediately after the injury."); *Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 555-56, 813 S.E.2d 292, 298-99 (Ct. App. 2018) (finding the trial court's examination of an unpublished decision whose reasoning it found persuasive was harmless when the trial court relied on other published cases and the examination was not prejudicial).

2. As to Fowler's allegation the circuit court's order should be reversed based on national trends and public policy, we find the circuit court's decision is in line with national trends considering damages awarded in cases involving the death of a pet and that public policy considerations do not warrant intervention by this court in the absence of legislative action. *See* Debra D. Burke, *A Clarion Call for Emotional Damages in Loss of Companion Pet Cases*, 15 Tenn. J.L. & Pol'y 250, 252-53 (2021) ("Traditionally, the common law views pets as property. As a result, damages for the loss of a pet are limited to compensatory damages representing the market value of the property, although some courts have debated other measurements. Typically, emotional distress damages for the loss of the pet are not recoverable. However, if an egregious and intentional act results in the loss, some courts are willing to allow recovery for the independent tort of the intentional infliction of emotional distress for the outrageous conduct." (footnotes omitted)); *Koester v. VCA Animal Hosp.*, 624 N.W.2d 209, 211 (Mich. Ct. App. 2000) ("There are several factors that must be considered before expanding or

creating tort liability [for the death of a pet], including, but not limited to, legislative and judicial policies.  In this case, there is no statutory, judicial, or other persuasive authority that compels or permits this [c]ourt to take the drastic action proposed by plaintiff. . . .  However, plaintiff and others are free to urge the [l]egislature to visit this issue in light of public policy considerations, including societal sentiment and treatment of pets, and the prospect of public perception that [the] law does not provide a just and fair remedy . . . ."); *Fullbright v. Spinnaker Resorts, Inc.*, 420 S.C. 265, 271, 802 S.E.2d 794, 797 (2017) ("Determinations of public policy . . . are chiefly within the province of the legislature, whose authority on these matters we must respect."); *Taghivand v. Rite Aid Corp.*, 411 S.C. 240, 244, 768 S.E.2d 385, 387 (2015) (recognizing that "[t]he 'primary source of the declaration of the public policy of the state is the General Assembly; the courts assume this prerogative only in the absence of legislative declaration'" (alteration in original) (quoting *Citizens' Bank v. Heyward*, 135 S.C. 190, 204, 133 S.E. 709, 713 (1925))).

**AFFIRMED.**[1]

**KONDUROS, HEWITT and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.