6553

STRANGE v. ATLANTIC COAST LINE R. R. CO.

1. EVIDENCE—CARRIER—BAGGAGE.—The owner of lost baggage may testify that he contracted with a carrier to transmit his baggage to a certain point without producing the check.

2. CARRIER—BAGGAGE.—SPECIAL DAMAGES arising from failure to carry baggage in time cannot be recovered unless the carrier has notice of the special circumstances at time of receiving baggage; but notice of special purpose may be shown by proof of carrier's knowledge of passenger's occupation.

3. IBID.—IBID.—IBID.—The measure of damages for delay in carrying baggage which the carrier accepts with notice the passenger requires it at a certain point at a certain time for a special purpose is the expense and detriment to the special business fairly attributable to the delay, including expense and loss of time reasonably incurred in the effort to find the delayed property. In this case, traveling salesmen permitted to recover as special damages the fair average daily earnings in his business. The rule laid down here is not intended to entrench upon that announced in *Fleischman* v. *Railway*, 76 S. C., 237.

Before GARY, J., Clarendon.    Affirmed.

Action by Riley M. Strange against Atlantic Coast Line R. R. Co. From Circuit order dismissing appeal from court of magistrate, S. M. Youmans, defendant appeals.

*Messrs. J. T. Barron* and *Wilson* and *DuRant,* for appellant, cite: *Court will look into the evidence to see if there is any to support the verdict:* 22 S. C., 590; 73 S. C., 307.

*Mr. W. C. Davis,* contra, cites: *Admission of irrelevant evidence is not error unless abuse of discretion:* 75 S. C., 201, 74; 72 S. C., 12; 6 Cyc., 450, 368; 72 S. C., 126. *Complaint alleges special damages:* 71 S. C., 211.    *As to measure of damages:* 71 S. C., 339; 6 Cyc., 676, 450; 70 S. C., 16; 40 S. C., 524.    *Rule requiring statement of facts and law separately does not apply in appeal decrees:* 11 S. C., 329.

June 4, 1907.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The plaintiff, a traveling salesman, recovered a judgment of sixty-five dollars in the court of magistrate Youmans for delay in the transportation from Columbia to Manning of a trunk containing samples.    The Circuit Court affirmed the judgment of the magistrate.    The plaintiff delivered two trunks to the defendant's agent at Columbia, intending to have them checked to Manning, and

he testified the checks were actually so issued. Evidence was introduced on behalf of the defendant to the effect that one of the trunks was checked to Manning and the other to Sumter. The baggage agent at Columbia did not testify, and the defendant made no effort to explain the mistake which it alleged had been made in checking one of the trunks to Sumter instead of Manning. Certainly there was no evidence that the plaintiff had asked for a check to Sumter, even if we assume the check had written on it Sumter instead of Manning. It cannot be said, as a matter of law, that the plaintiff should bear the consequences because he failed to examine the checks and observe and have corrected the defendant's error. In the case of *Isaacton* v. *Railway,* 94 N. Y., 278, which was very similar to this case, the Court said: "In this case the request to check over the Mobile route was made to the baggage master and assented to by him, and he assumed to give checks in accordance with the request. This constituted, we think, an agreement binding on the company, and unless the plaintiff's omission to examine the checks was contributory neglignce, we are of the opinion that the nonsuit was erroneous. The primary purpose of giving the passenger a duplicate check is to enable him to identify and claim his baggage at the end of the route. It has never, we think, been regarded as embodying the contract of carriage, but only as a voucher or token for the purpose mentioned. (See *Quimby* v. *Vanderbilt,* 17 N. Y., 306; *Van Buskirk* v. *Roberts,* 31 Id., 661; *Blossom* v. *Dodd,* 43 Id., 264, 3 Am. Rep., 701; *Rawson* v. *Penn. R. R. Co.,* 48 N. Y., 212.) The plaintiff had a right to repose upon the representation of the baggage master, without examining the checks." (See, also, Hutchison on Carriers, sec. 1302, and note.) It was competent for the plaintiff to testify that he actually contracted with the defendant to transport the trunk to Manning and not to Sumter without producing the check, and the exception on this point cannot be sustained.

There was error in receiving plaintiff's testimony as to a conversation with defendant's agent after the loss of the trunks, in which he gave notice of his business as a traveling salesman. Special damages for losses arising from failure to deliver goods cannot be recovered unless the defendant has notice of the special circumstances *at the time of shipment. Traywick* v. *Railway Co.,* 71 S. C., 82, 50 S. E., 549; *Wesner* v. *Railway Co.,* 71 S. C., 211, 50 S. E., 789; *Guess* v. *Railway Co.,* 73 S. C., 264, 53 S. E., 421.

But this error was immaterial, as plaintiff testified defendant's agent, who received the trunks, had frequently checked them for him and knew the kind of business in which he was engaged, and this evidence was not disputed.

The main contention of the defendant is that the magistrate erred in admitting evidence of the interruption of the plaintiff's business by reason of the failure of the defendant to deliver promptly at Manning the trunk containing his samples. As we have seen, there was evidence that the defendant when the trunks were received knew the business of the plaintiff was to sell goods by sample as a traveling salesman, and this was notice that delay of his samples would probably result in an interruption of his business and loss of time. When the carrier accepts goods for transportation, with notice that the owner requires them at the place to which they are to be carried for a special business purpose, the measure of damages for delay in carriage is the expense and detriment to the special business with reference to which the carriage was undertaken fairly attributable to the delay, including expense and loss of time reasonably incurred in the effort to find the delayed property. This does not include the speculative profits resting on the mere hope of particular future transactions. *Webb* v. *R. R.,* 76 S. C., 199; Hutchinson on Carriers, sec. 1370; Moore on Carriers, sec. 410; 99 Am. St., 386, note; 11 Am. St., 366, note; *Turner* v. *R. R.,* 75 S. C., 58; *Hays* v. *Tel. Co.,* 70 S. C., 16, 48 S. E., 608.

The damages proved by the plaintiff here were not based on particular sales the plaintiff hoped to make. His evidence was properly directed to the fair average daily earnings in his business. This he testified was from twenty to twenty-five dollars per day, and that the trunk was delayed three days. In addition to this, there was evidence of the expenditure of eight and 30-100 dollars in the effort to find the trunk. The judgment was for sixty-five dollars, and this is obviously well supported by the evidence above recited of items of damages flowing naturally and proximately from the interruption of plaintiff's business, consequent on the delay of his trunk of samples. Inasmuch as there was evidence of notice to the defendant of the nature of the plaintiff's business, the case has been considered as if such notice were necessary by a traveling salesman for the recovery of such damages as were allowed in this case. We do not mean to say, however, that such damages might not be recovered by a traveling salesman under the principles laid down in *Fleischman* v. *Railway*, 76 S. C., 237, without proof of special notice that the owner of the trunks was a traveling salesman carrying them for use in his business.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.