## 9610

### VANN *ET AL. v.* TYLER *ET AL.*

#### (91 S. E. 801.)

1. DAMAGES—PLEADING—GENERAL DAMAGES.—As general damages both naturally and necessarily flow from the wrongful act, the party whose rights are invaded need not allege general damages, but is entitled to recover such damages as follow the natural, necessary, and proximate result of the act of wrongful invasion which fixes his right of action.

2. DAMAGES—PLEADING—SPECIAL DAMAGES.—As special damages naturally but not necessarily flow from the act of wrongful invasion, although they are recoverable, although the wrongdoer could not have anticipated the particular result, it is necessary to allege and prove special damages.

3. APPEAL AND ERROR—EXCEPTIONS AND OBJECTIONS—NECESSITY.—In an action of claim and delivery, where no exceptions were reserved or proper objections made to the admission of evidence of special damages, on the ground that special damages were not alleged, as the

trial Court did not have an opportunity to rule on the question, it cannot be considered on appeal.

Before PRINCE, J., Aiken, April, 1916. Affirmed.

Action by W. C. Vann and another against J. A. Tyler and another, trading under the firm name and style of Tyler Bros. Judgment for plaintiffs, and defendants appeal.

*Mr. J. B. Salley,* for appellant, cites: *As to opinion of witnesses with reference to damages:* 19 S. C. 70; 57 S. C. 448, 449; 73 S. C. 12, 13; 91 S. C. 538, 539; 93 S. C. 128. *Special damages:* 39 S. C. 468; 83 S. C. 502, 503; 81 S. C. 538; 74 S. C. 295; 91 S. C. 331; 65 S. C. 506. *Speculative damages:* 25 S. C. 68. *Remote damages:* 3 Minn. 10; 10 N. E. 752; 89 S. C. 538. *Construction of letter:* 104 S. C. 508. *Forfeiture of lien:* 73 S. C. 578. *Waiver:* 54 S. C. 602, 603; 74 S. C. 21. *Seizure of mortgaged property:* 82 S. C. 501. *Measure of damages:* 89 S. C. 538.

*Mr. Wm. M. Smoak,* for respondent, cites: *As to special damages:* 31 S. C. 49, 52; 39 S. C. 465; 89 S. C. 535. *Objections too general:* 98 S. C. 209; 87 S. C. 18; 90 S. C. 470; 94 S. C. 324; 86 S. C. 344. *Harmless error:* 91 S. C. 523. *Measure of damages:* 20 S. C. 512; 71 S. C. 4; 95 S. C. 170. *Opinion as to damages:* 91 S. C. 523. *Exceptions to charge:* 103 S. C. 343. *Seizure under mortgage:* 82 S. C. 502.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action in claim and delivery for two mules alleged to have been unlawfully and wrongfully taken by the defendants from the plaintiffs, and for damages for tak-

ing and detention. After issue joined the case was tried before his Honor, Judge Prince, and a jury, at the April term of Court, 1916, for Aiken county, and resulted in a verdict in favor of the plaintiffs for the return of the mules or the value thereof, $350, and $300 actual damages, and $200 punitive damages.

After entry of judgment defendants appeal, and by 11 exceptions question the correctness of his Honor's rulings and complain of error. At the hearing the appellants' counsel stated that the exceptions raise only the question as to the $300 actual damages. The appellant conceded that the recovery of the mules and punitive damages are settled by the verdict of the jury, and must stand. The contention of the appellants is that there is no allegation in the complaint of actual damages, and no allegation of special damages, and that his Honor was in error in admitting in evidence over objection the evidence to make out a case of actual damages—that there was no competent evidence of actual damages.

The difference between actual damages and special damages are from the act done; damages naturally flow in general damages; they both naturally and necessarily flow. In special damages they naturally flow, but not necessarily flow. In general damages the wrongful act done of necessity requires damage to be done and flow from the act and suffered by the party whose rights have been invaded, and the damages must be the legitimate consequence of the wrong done, and follow as a natural, necessary and proximate result. When this is the case the act of wrongful invasion fixes the right of action of the party whose rights have thus been wrongfully invaded, and he is entitled to recover such damages and follow the natural, necessary and proximate result. But if the original and wrongful act of the defendants complained of gives rise to any damage other than the general damage that would of necessity naturally flow from the wrongful act, and party

injured was specially damaged, that is, injured in any other way than would naturally flow from the wrongful act, but not necessarily flow, then it would be necessary for the plaintiffs to allege facts sufficient to show a cause of action wherein he was entitled to special damages.

If the result of the wrong done is unusual and extraordinary under the circumstances, but if it flowed from the act wrongfully done, then upon sufficient allegation first and proof afterward if it flowed proximately from the wrongful act done the party injured could recover, although the wrongdoer could not have anticipated the particular result that followed. Here the result would be not the natural and necessary sequence of the act done, but something that did not of necessity follow. Under this state of facts it would be necessary to allege and prove special damages. But in the case at bar no such objection was made before the Circuit Court on the ground urged here.

The exceptions complain of error on the part of his Honor in admitting evidence as to special damages when no such objection was interposed before his Honor, and his attention was not called to this view of the evidence, and he had no chance to rule on this question. The first time this objection was made was when one witness was examined, and no exception is taken to the ruling of his Honor as to the admission of the evidence by this witness where the objection was properly made and ruled upon by his Honor as to the witnesses whose evidence is excepted to by the exceptions urged here. No objections were properly interposed or made in the Circuit Court; the objections made are insufficient, and they stated no grounds upon which his Honor was asked to exclude the testimony or to base his ruling.

We see no merits in the exceptions. It is held in *Levi* v. *Legg & Bell*, 23 S. C. 282, that the jury can find actual dam-

ages without allegation or proof.    All exceptions are over-
ruled.

Judgment affirmed.