DIAMOND v. SOUTHEASTERN EXPRESS COMPANY

(128 S. E., 417)

1. CARRIERS—DAMAGES FOR DELAYED DELIVERY OF PICTURE FILM HELD NOT SPECIAL OR SPECULATIVE.—Damages for express company's delay in delivery of picture film *held* neither so speculative or special as to preclude recovery.

Note: On measure of carrier's liability for preventing exhibition or show by breach of contract of carriage, see notes in 4 L. R. A. (N. S.), 569; 49 L. R. A. (N. S.), 491.

2. CARRIERS—EVIDENCE HELD TO SUSTAIN RECOVERY FOR DAMAGES FOR DELAYED DELIVERY OF PICTURE FILM.—Evidence in action for damages in delay in delivery of picture film, *held* to sustain finding that delivery might have been made by earlier train than that used, and warrant recovery.

3. CARRIERS—WANT OF WRITTEN CLAIM WITHIN FOUR MONTHS HELD NOT TO PRECLUDE RECOVERY FOR DAMAGES FOR DELAY IN DELIVERY OF PICTURE FILM.—Want of written notice of claim within four months does not bar recovery for delay in delivery of picture film under Interstate Commerce Act (U. S. Comp. St., § 8604a), in view of proviso that if loss or damage complained of was due to delay no notice of claim shall be required.

Before S. McG. SIMKINS, SPECIAL JUDGE, Barnwell, 1924.  Affirmed.

Action by M. C. Diamond doing business as Vamp Theatre against the Southeastern Express Co.  Judgment for plaintiff and defendant appeals.

The following are defendant's exceptions:

"(1) That his Honor erred, it is respectfully submitted, in affirming the judgment of the magistrate and in not holding that the magistrate should have excluded the testimony with reference to the damages alleged to have been sustained by the Vamp Theater, at the objection of the defendant, for the reason that the damages alleged to have been sustained and allowed by the magistrate were speculative and special, and that there was no evidence that the Southeastern Express Company, the defendant herein, had notice, at the time the contract was made to deliver the film in question, of any special use to which it was to be applied, or of any particular night that the film was to be shown, or of any damages that would result from delay in delivery.

"(2) That his Honor erred, it is respectfully submitted, in affirming the judgment of the magistrate, when the testimony conclusively shows that the agent of the railroad company and the defendant herein does not meet the afternoon train from Columbia, and that the film in question traveled over the most direct route, leaving Atlanta on the first

available train, and reaching Barnwell on the first available train making express deliveries for the town of Barnwell, and there can be no recovery on the part of the plaintiff, for the.reason that the defendant complied with its contract of carriage.

"(3) That his Honor erred, it is respectfully submitted, in failing to hold that a verdict should have been directed in favor of the defendant, for the reason that the testimony conclusively shows that a claim in writing was not filed with the agent of the defendant within four months after the delivery, or within four months after a reasonable time for delivery had elapsed, in accordance with the terms of the express receipt, the contract of carriage between the parties herein."

*Messrs. Harley & Blatt,* for appellant, cite: *Special damages not recoverable:* 83 S. C., 501; 85 S. C., 19; 79 S. C., 155; 81 S. C., 536; 73 S. C., 264. *Time within which suit must be brought under Bill of Lading:* 250 U. S., 479; 242 U. S., 142; 108 S. C., 88; 243 U. S., 592; 250 Fed., 372. *Terms of express receipt cannot be waived:* 250 U. S., 479; 107 S. C., 25; 241 U. S., 190; 244 U. S., 332; 248 U. S., 446; 249 U. S., 217; 250 U. S., 465; 250 U. S., 680; 119 S. E., 905.

*Mr. J. O. Patterson, Jr.,* for respondent, cites: *Damages for delay in film shipment:* 114 S. C., 535; 81 S. C., 181.

June 10, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Special Judge Simkins affirming the judgment of the magistrate court.

Exceptions 1 and 2 are overruled as being without merit.

Exception 3 imputes error in not directing a verdict for appellant for the reason that the shipment in question was an interstate shipment, and under the terms printed upon the back of the express receipt

written claim was not filed within four months after delivery or within four months after reasonable time for delivery had elapsed in accordance with the terms of the receipt. The Interstate Commerce Act (U. S. Comp. St. Ann. Supp., 1923, § 8604a) provides:

"That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days, for the filing of claims than four months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice: *Provided,* however, that if the loss, damage or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

The damage claimed was due to the appellant's negligence and delay in delivering the picture when it had an agent and office in Barnwell and held itself out as a common carrier.

The exceptions are overruled, and judgment affirmed.

MR. JUSTICE FRASER and MESSRS. ACTING ASSOCIATE JUSTICES J. WM. THURMOND and F. A. MILLER concur.

MR. JUSTICE MARION dissents.

MR. ACTING ASSOCIATE JUSTICE THURMOND, (concurring): This action was instituted by the plaintiff against the defendant in a magistrate's Court and was heard without a jury at Barnwell, S. C., for damages. The complaint was in writing, and the eighth paragraph alleges:

"That due to defendant's negligence the defendant, Southeastern Express Company, after receiving the film at the time above specified, failed and refused to transport and deliver the said film to the plaintiff in a reasonable length of time, namely, February 2, 1922, and did not attempt to deliver the said film to the plaintiff until some time during

February 3, 1922, which was too late to be shown by the plaintiff in his theater on the day advertised, and was therefore refused."

The answer of the defendant was: (1) A general denial; (2) that the shipment in question was interstate commerce; (3) failure to comply with the terms of the express receipt, and especially section 7 thereof, in that the plaintiff failed to file a claim in writing with the company within the four months' period after reasonable time for delivery had elapsed.

The defendant objected to the testimony offered by the plaintiff as to the alleged damages, on the ground that the damages were speculative and special and the defendant had no notice thereof. This objection was overruled and the testimony allowed.

The testimony tends to show: That on the 1st day of February, 1922, and for some time prior thereto, the plaintiff was conducting a moving picture business in the town of Barnwell, in the State of South Carolina, and the defendant was an express company operating its business between Atlanta, Ga., and Barnwell, S. C., and beyond; and that the particular film was delivered to the defendant at Atlanta, Ga., at 6:10 p. m., on the 1st day of February, 1922, and the first departing train moving the defendant's express was at 12 o'clock that night, known as Southern Train No. 36, arriving at Spartanburg, S. C., at 7:35 a. m. February 2, 1922; said film left Spartanburg on train No. 2 at 10:45 a. m., arriving at Columbia the same day at 2:30 p. m., leaving Columbia on train No. 13 at 4:05 p. m. that day, and arriving at Barnwell at 6:45 p. m. the same day; but the film was carried to Allendale on the last-mentioned train and returned to Barnwell the next morning, February 3d, at 8:06 a. m.

The defendant had an office and an agent at the time at Barnwell, aforesaid, and deliveries of picture films had been made by the defendant to the plaintiff from the said train

due at Barnwell at 6:45 p. m., and also on trains arriving at Barnwell at 8 a. m., 11 a. m., and 12:45 p. m. Picture films had theretofore been delivered to the plaintiff by the defendant from Southern Enterprises, Inc., of Atlanta, Ga., on the 6:45 p. m. train.

The answer of the defendant put the plaintiff on the proof of his case, and the defendant's testimony tended to show that deliveries of picture films had not been made by defendant to the plaintiff on the said 6:45 p. m. train; hence, the defendant's general denial and its testimony raised issues of fact to be decided by the magistrate. The magistrate found the facts in favor of the plaintiff and his findings were concurred in by the Circuit Judge; and as there was some evidence for the basis of the findings, this Court cannot review them.

In *Saunders v. So. Ry.*, 90 S. C., 79; 72 S. E., 637, this Court held, "Where a finding by the Circuit Court on appeal from magistrate is supported by any evidence, it is final"; and in *Flowers v. A. C. L. R. R.*, 93 S. C., 80; 76 S. E., 32, this Court held, "On appeal from Circuit order affirming magistrate judgment, findings of fact on Circuit are not reviewable here."

A higher rate is paid for the transportation by express than by railway; and an express company is required and expected to make quick delivery, so facts and circumstances which may show negligence against an express carrier may not be sufficient to show negligence against a carrier in a different class.

In this case I cannot conclude that only one inference can be drawn from the evidence, hence exception 2 is overruled. I will consider the exceptions in the order of the points arising rather than in the order of the exceptions. While none of the exceptions raise the issue that the testimony was insufficient to show actionable negligence, as the action sounds in tort, I have construed exception 2 as intending to make that point. Exception 1 alleges error in the magistrate

in not excluding certain testimony objected to by the defendant, upon the ground that the damages were speculative and special, and no evidence of notice to the defendant of the same at the time the contract was made.

As the defendant was charged with the violation of a duty required of it by law as a common carrier, the action in tort was proper. In *Reaves et al. v. Western U. Tel. Co.*, 110 S. C., 238; 96 S. E., 297, this Court held:

"But the rule is well settled that for dereliction in the performance of a duty owing to the public by a common carrier he is liable in tort to the person injured thereby, notwithstanding the tort originated in breach of contract, and, in such actions, actual and punitive damages, one or both, may be awarded, as the circumstances may warrant."

The principle is announced in 8 R. C. L. at page 508:

"Generally it may be said that the rule as to their allowance (damages) is more liberal in actions purely of tort than in actions for breach of contract."

Punitive damages are not demanded and could not be allowed in this case under the testimony.

Are the damages awarded speculative or special? There is quite a difference between speculative and special damages. Under our decisions the contention of the defendant that the damages are speculative cannot be sustained. The syllabus of our own case of *Lester v. Fox Film Corporation*, 114 S. C., 533; 104 S. E., 178, reads as follows:

"In an action for breach of contract to supply defendants' motion picture films to plaintiff for exhibition, where it was shown that defendants' films were popular, and that the income from their exhibition was reasonably ascertainable, plaintiff is entitled to more than nominal damages, though his witness could not state the rental value of the pictures; rental value meaning only such damages as are recoverable in a particular case, and in this case would mean the revenue which the exhibition of the picture would bring."

In the case of *Strange v. Ry. Co.,* 77 S. C., 182; 57 S. E., 724, this Court laid down the rule that the measure of damages for breach of contract by delay in delivering trunks, known to be essential to the salesman's business, was his fair average daily earnings; and see cases cited in *Standard Supply Co. v. Carter & Harris,* 81 S. C., 185; 62 S. E., 150; 19 L. R. A. (N. S.), 155.

In the case of *Board of Commissioners v. Richardson et al.,* 122 S. C., 60; 114 S. E., 633, Associate Justice Cothran rendering the opinion of the Court says:

"In the case of growing unmatured crops destroyed, at any period of their existence, at any stage of development, the criterion is to ascertain: (1) What would reasonably have been produced but for the act of the condemnor; (2) what would it have been worth on the market at the time of such destruction; (3) deduct therefrom the estimated expenses of producing, cultivating, harvesting and marketing."

This case is a departure from the rental value principle laid down in *Horres v. Berkeley Chemical Co.,* 57 S. C., 189; 35 S. E., 500; 52 L. R. A., 36.

*McCown-Clark Co. v. Muldrow,* 116 S. C., 54; 106 S. E., 771, holds:

"When a buyer of fertilizer could not procure other fertilizer on the seller's failure to deliver, evidence as to the difference between the crop on which the fertilizer was to be used and fertilized crops on adjoining land of similar quality worked in the same way was admissible."

In *Martin v. S. A. L. Ry.,* 70 S. C., 13; 48 S. E., 617, our Supreme Court held:

"The rule that damages which are uncertain or contingent cannot be recovered, does not embrace an uncertainty as to the value of the benefit or gain to be derived from the performance of the contract, but an uncertainty or contingency as to whether such gain or benefit would be derived at all. It only applies to such damages as are not the certain result of the breach, and not to such as are the certain result, but uncertain in amount."

The foregoing authorities, I think, are conclusive on the point that the damages were not speculative. While the allegations of the complaint might have been more specific as to special damages, it was sufficient to put the defendant on notice of the damages to the plaintiff; besides, the pleadings in a magistrate's court need not be formal. In *Miller v. Southern Express Co.,* 99 S. C., 333; 83 S. E., 449, the question of special damages was submitted to the jury.

In that case the plaintiff's children had been bitten by a dog supposed to have rabies, and the fact that the express company knew that the dog's head was delivered to it to be transported for examination for rabies, and the dog had bitten the children of the plaintiff, it was held that the Court properly refused to instruct that defendant was not liable for special damages.

In *Givens v. Electric Co.,* 91 S. C., 421; 74 S. E., 1069, it was held that whether special damages "were in the contemplation of both parties to the contract, and whether they contracted with reference thereto," is "ordinarily a question of fact for the jury, unless the evidence is susceptible of only one reasonable inference, and then it is for the Court. The rule as to the recovery of special damages for breach of contract is stated in the leading case of *Hadley v. Baxendale,* 9 Exch., 353: 'Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it.' "

See cases cited in *Standard Supply Co. v. Carter, supra;* also, *Simpkins v. W. U. Tel. Co.,* 97 S. C., 413; 81 S. E., 657.

Exception 3, in my opinion, cannot be sustained for the reason the conclusion has been reached that the findings of

the magistrate concurred in by the Circuit Judge had some basis in the evidence as to negligence, and in such case, under the Interstate Commerce Law, the plaintiff is not precluded from a recovery. In my opinion, the judgment in this case should be affirmed, and I concur in the opinion of Associate Justice Watts.

MR. ACTING ASSOCIATE JUSTICE MILLER (concurring) : This appeal presents two questions: (1) Whether the damages recovered may be characterized as special, and, if so, whether judgment therefor may be sustained; (2) whether under the amendment to the Interstate Commerce Act (38 St. L., 1196; 4 Fed. Stat. Ann [2 Ed.], 506 [U. S. Comp. St. § 8604a]) the plaintiff is precluded by his failure to file notice of his claim for damages within four months.

I do not think the damages recovered are either speculative or special, but only such as, in the circumstances disclosed by the record, were in the contemplation of the parties. A carrier must be held to know facts familiar to ordinary people. Appellant must have known that plaintiff would sustain precisely the damages proven in this case; the loss sustained was the natural and necessary result of its failure promptly to carry and deliver the picture. The principle involved is concluded by *Lester v. Fox Film Corporation,* 114 S. C., 533; 104 S. E., 178.

But if the damages allowed be regarded as special, the judgment must be sustained. Plaintiff was engaged in a standard business, the character of which defendant well knew; the course of dealing between the parties had been such as to advertise the defendant thereof; there was nothing in relation to the matter of which the defendant could have been notified, which it did not already know.

Elliott (4 Elliott on Railroads, § 1731) thus states the rule:

"It is well settled that special or peculiar damages claimed to have resulted from the carrier's delay cannot be recovered unless the carrier has notice before or at the time of accept-

ing the goods of the special circumstnces, rendering prompt transportation necessary, *or at least ought to know of the same."* (Italics mine.)

The italicized words clearly show that when the carrier knew, or ought to have known of the special circumstances rendering prompt transportation necessary, the requirement as to notice is fulfilled.

*Missouri Pac. R. Co. v. Peru-Van Zandt Implement Co.,* 73 Kan., 295; 85 P. 408; 87 P. 80; 6 L. R. A. (N. S.), 1058; 117 Am. St. Rep., 468; 9 Ann. Cas., 790, was an action against the carrier for damages resulting from the conversion of threshing machines shipped from Port Huron, Mich., to Hutchinson, Kan. The implement company, having sold the machines on commission, sought to include that item in the damages. It was objected that a sale of the machinery was not in the contemplation of the parties and that damages based thereon were not recoverable. The Kansas Court thus disposes of the objection:

"Finally, it is insisted that a sale of the machinery was not within the contemplation of the parties at the time of shipment, and therefore commission is not a proper element of damages. A railroad company must be held to know facts familiar to ordinary people. It is fair to assume that a carrier of threshing machines knows what they are used for, and that the only purpose implement dealers have for shipping such property into the heart of a great wheat country is to sell it. When a shipment of threshing machines is made in June of any year, the inference follows that, if they are not already sold, an immediate sale is intended. We think, therefore, that the loss of commission is not so remote as to be excluded as an element of damage in this case. The general rule that damages caused by the loss of a sale, not within the contemplation of the parties, cannot be recovered has no application to the facts here shown."

See, also, *Strange v. R. Co.,* 77 S. C., 185; 57 S. E., 724. *Webb v. R. Co.,* 76 S. C., 193; 56 S. E., 954; 9 L. R. A. (N. S.), 1218; 11 Ann. Cas., 834. In the *Webb Case,* Mr.

Justice Woods says for the Court, at page 198 (56 S. E., 955):

"Knowledge of the trunk being a salesman's trunk of samples taken with him on a business trip included knowledge that delay in its delivery would result in interruption of this business and loss of time and custom. The case, therefore, falls entirely out of the principle of *Wehman v. Railway,* 74 S. C., 296, and *Wesner & White v. Railway,* 71 S. C., 211; 50 S. E., 78, 89."

I think, therefore, the first question must be answered in favor of the respondent.

The other question involved, whether under the amendment to the Interstate Commerce Act (38 St. L. 1196; 4 Fed. Stat. Ann. [2d Ed.], 506) the plaintiff is precluded by his failure to file notice of his claim for damages within four months, must be resolved against appellant. The pertinent statute is as follows:

"That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: *Provided,* however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

Because the damage claimed resulted from delay and negligence in the transportation and delivery of the shipment, the carrier may not defend upon the ground that the notice of claim was not filed within a certain time.

For these reasons I think the judgment should be affirmed, and I concur in the opinion of Mr. Justice Watts.