## 11873

## KERSHAW OIL MILL v. NORTHWESTERN RAILROAD COMPANY OF SOUTH CAROLINA

### (130 S. E., 647)

CARRIERS—FILING OF CLAIM WITHIN REQUIRED TIME HELD INSUFFICIENT TO SUPPORT ACTION AGAINST INITIAL CARRIER FOR DAMAGE TO SHIPMENT.—Where bill of lading required filing of claim against carrier within four months after delivery of property, *held,* filing of claim against delivering carrier (not as agent of initial carrier) was insufficient to support action against initial carrier; "filing of claim" being different than "notice of loss" under Civ. Code 1922, § 3890.

Before FEATHERSTONE, J., Sumter, March, 1924. Reversed and remanded.

Action by Kershaw Oil Mill against the Northwestern Railroad Company of South Carolina. Judgment for plaintiff and defendant appeals.

*Messrs. Purdy & Bland* and *Tatum & Wood,* for appellant, cite: *Original documents to be produced or excuse shown:* 127 S. E., 533; 74 S. E., 813; 64 S. E., 413; 64 S. E., 236; 61 S. E., 1006; 60 S. E., 692; 33 S. E., 2; 17 S. E., 998; 15 S. E., 1019; 10 S. E., 1074; 7 S. E., 252. *Degree of care required of carrier in handling perishable goods:* Williston on Contracts, Sec. 1093; Elliott on Contracts, Sec. 3193; Elliott on Contracts, 1913-1922, Cumulative Sup. Sec. 3183 and 3193; 69 S. E., 209; 73 S. E., 78. *Judicial notice taken of existence of federal control of public utilities:* 123 S. E., 234; 86 So., 154; 85 So., 765; 85 So., 880; 192 P., 728; 223 S. W., 586; 257 Fed., 879; 264 Fed., 962. *Agreement between railroads and Director General of Railroads construed:* 256 U. S., 554; 65 L. Ed., 1087; 65 L. Ed., 1157; 69 L. Ed., 314; 69 L. Ed., 316.

*Mr. Raymon Schwartz,* for respondent, cites: *Where pleadings amount to notice to produce documents:* 18 S. C. L., 113; 4 S. C. L., 471; 22 C. J., 1060. *Connecting*

*carriers agents for each other:*   Civ. Code, 1922, Sec. 3890. *Best evidence rule not applicable to writings collateral to issue:*   22 C. J., 1015; 89 S. C., 415; 71 S. E., 989; 85 S. C., 278; 67 S. E., 316; 82 S. C., 427; 64 S. E., 405; 59 S. C., 467; 38 S. E., 122.   *When secondary evidence admissible:*   92 S. C., 108; 75 S. E., 414; 82 S. C., 247; 64 S. E., 236; 78 S. C., 73; 58 S. E., 969.   *Where claim against carrier to be filed:*   Civ. Code, 1922, Sec. 3887.

December 8, 1925.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action for damages on account of alleged injury to cotton seed shipped to the plaintiff in August and September, 1919, in three separate cars, stated in three separate causes of action in the complaint.   The shipments moved from Paxville, S. C., on the line of the defendant railroad company to Camden, S. C., its terminus, and was there turned over to Southern Railway Company for transportation to Kershaw, S. C., the destination called for in the bill of lading issued by the defendant.   The damage is alleged to have been caused by the negligent and careless handling of the shipments by the defendant, the initial carrier, before they were delivered to Southern Railway Company, the connecting carrier at Camden.   The case was tried before his Honor, Circuit Judge Featherstone and a jury.   A verdict was rendered in favor of the plaintiff for $1,465.   Upon motion for a new trial, the Circuit Judge passed an order for a new trial *nisi* the plaintiff reduced the verdict to $1,000, which was done.   The defendant appeals from the judgment entered upon the verdict so reduced.

We do not deem it necessary to consider any other point in the case than that raised by the answer of the defendant, that the bill of lading contained a provision that the carrier should not be held liable for loss, damage, or delay in said shipments unless the consignee shall have filed with the car-

rier a claim therefor within four months after the delivery of the property.

Assuming that the copies of the claims filed by the consignee with the agent of the Southern Railway Company at Kershaw were admissible in evidence, a point which we do not decide, it appears from the allegation of the complaint, and upon the face of said copies, that the claims then filed (October 1, 1919), were claims against the delivering carrier Southern Railway Company and not against the defendant Northwestern Railroad Company, the initial carrier, and the one against whom specifically the delict is charged.

It must be observed that there is a difference between "notice of loss," and "the filing of a claim." The distinction is clearly drawn in the Carmack Amendment set out in the case of *Diamond v. Exp. Co.,* 131 S. C., 450; 128 S. E., 417. While this is an intrastate shipment and not controlled by the Carmack Amendment, it is referred to as indicating the distinction.

Under the Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa), it has been held that notice of loss may properly be given to any one of the connecting carriers. 10 C. J. Carriers, § 489. Doubtless the same ruling would apply to an intrastate shipment under Section 3890, Vol. 3, Code, 1922, providing that each connecting carrier shall be deemed the agent of all others. Accordingly, if the requirement had been to give notice of loss, the notice to Southern Railway Company would be held proper notice to all connecting carriers including the Northwestern Railroad Company. But the requirement is that the claim shall be filed with the carrier, manifestly with the carrier intended to be held liable for the loss or damage. Filing a claim against the Southern Railway Company cannot, of course, be considered filing a claim against the Northwestern Railroad Company.

The provision in the bill of lading is as follows:

"Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of

origin, within four months after the delivery of the property or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless such claims are so made, the carrier shall not be liable."

This provision has been sustained in *Deaver-Jeter Co. v. So. Ry. Co.,* 91 S. C., 503; 74 S. E., 1071, Ann. Cas., 1914A, 230. *Express Co. v. Caldwell,* 21 Wall, 264; 22 L. Ed., 556. *Queen of Pacfic,* 180 U. S., 49; 21 S. Ct., 278; 45 L. Ed., 419. *R. Co. v. Harriman,* 227 U. S., 657; 33 S. Ct., 397; 57 L. Ed., 690; 1 Hutch. Carr. (3d. Ed.) § 442; Elliott, RR. (3d Ed.) § 2271.

The grounds upon which the reasonableness of these provisions is based is to give the carrier notice so that it may preserve the evidence of the transaction in order to defend itself. If a claim against the Southern Railway is filed with the Southern Railway, there is no reason for it to pass the claim on to the defendant; indeed, it should not do so, for the claim is against it, and should be handled by it and kept in its files as was done in this case. So under this claim, where was there any reason for the defendant to preserve the evidence of the handling of these cars? The very thing occurred in this case which the requirement of filing of claims was designed to prevent, namely, suit upon a matter more than three years after it occurred, and at no time was there any notice to the defendant that it would be held liable.

It may be conceded that if the consignee had filed a claim against the Northwestern Railroad Company with the Southern Railway Company, the filing with that road as the agent of the initial carrier under Section 3890, Vol. 3, Code, 1922, would have been sufficient. But it filed its claim against the Southern, with an agent of the Southern; which in reason cannot be considered filing it against the Northwestern.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION concur.