13293

PASTIME AMUSEMENT CO. v. SOUTHEASTERN EXPRESS CO.

(162 S. E., 621)

*Messrs. J. C. Long* and *M. L. McCrae,* for appellant,

*Mr. N. B. Barnwell,* for respondent,

December 8, 1931.

The opinion of the Court was delivered by Mr. JUSTICE CARTER.

This action by the plaintiff, the Pastime Amusement Company, a corporation, against the defendant, Southeastern Express Company, commenced in the Court of Common Pleas for Charleston County, November 18, 1930, is for the recovery of damages, actual and punitive, against the defendant, alleged to have been sustained by the plaintiff on account of the negligent, reckless, careless, and willful acts of the defendant, in the failure to transport and deliver to the plaintiff certain moving picture film, alleged to have been delivered to the defendant for shipment to the plaintiff. The case comes to this Court on appeal by the plaintiff from an order of his Honor, Judge William H. Grimball, striking out, as irrelevant and redundant, certain allegations of the complaint. For an understanding of the question presented by the appellant it is necessary to refer to the complaint, and, for that reason, we quote the same herewith, as follows:

"First: That the plaintiff above named is a corporation organized and existing under and by virtue of the laws of the State of South Carolina and has its principal place of business at Charleston, South Carolina; and that as such corporation it is authorized to carry on and maintain and engage in the general business of running and operating Theaters and displaying picture films; that the said Plaintiff has been engaged in said business for many years in the past and it is now engaged in the said business in the City of Charleston and operates the Gloria Theater in Charleston, South Carolina.

"Second: That upon information and belief the Defendant is a corporation organized and existing under the laws of one of the States of the United States and as such corporation is engaged in business as a common carrier of goods, wares and merchandise for hire, operating on railroad lines in several States of the United States, including Florida, Georgia, South Carolina and North Carolina. That, as such common carrier, the defendant herein is charged with the duty of speedy, safe, sure and efficient delivery of goods entrusted to its charge, and holds itself out and represents to the world that it will and does conduct said business with utmost care, diligence and dispatch; and in consideration of the payment of its tariff rates, which are higher than those of ordinary common carriers by rail (popularly termed railroad freight lines), it undertakes and represents that it will render to its patrons special and more than ordinary care in the prompt and efficient discharge of its duties as such carrier.

"Third: That the said Defendant Company advertises and represents and holds out to the general public that it provides quick, sure, speedy and efficient means of transporting articles from one city or state to another.

"Fourth: That in the past the Plaintiff Company has had numerous moving picture films shipped to or sent to it from various points throughout the United States by means or through the Defendant Express Company.

"Fifth: That motion picture films are such articles as are recognized by the defendant company, or one that should be recognized by the Defendant Company, that speed in transportation is essential, it being known to the defendant company that if the said picture is not delivered thus, the show cannot go on and a loss will naturally follow to the exhibitor of the said pictures.

"Sixth: That upon information and belief, on August 29, 1930, there was delivered to the authorized agents of the defendant company in Jacksonville, Florida, certain moving

picture films which the defendant's agents agreed to transport and deliver to the Gloria Theater in Charleston, South Carolina; that the films were properly addressed to the Gloria Theater, Charleston, South Carolina; that the films delivered to the defendant company's agent, in fact, were prints of the moving picture known as 'Anybody's War,' which picture is considered well known and extensively advertised as one of the most popular pictures of the year 1930.

"Seventh: That the said moving picture, 'Anybody's War,' had been advertised by the Plaintiff to be displayed in the Gloria Theater, Charleston's premier and most popular show house, on September 1st, 2nd and 3rd, 1930.

"Eighth: That although the said picture was delivered to the defendant's agent at Jacksonville, Florida, on August 29th, 1930, and was accepted by the agent for the defendant company for immediate delivery to the Gloria Theater in Charleston, South Carolina, and should have been and could have been, by the reasonable exercise of diligence delivered to the Gloria Theater on August 30, 1930, by the proper, efficient, and careful handling of the same by the defendant company, its agents or servants, that the said picture was not even delivered to the plaintiff, the consignee thereof, until September 3rd, too late to make a practical showing of the picture possible, and that the consignee thereof refused to accept the delivery of said picture.

"Ninth: That when the picture had not been delivered on the morning of September 1, 1930, the plaintiff, through its representative and agent, immediately brought the matter to the attention of the agent of the defendant company at Charleston, South Carolina; that the plaintiff did everything possible to locate the films but to no avail; that as a result of the delay in delivering the films to the Gloria Theater in Charleston, South Carolina, the Gloria Theater had to remain absolutely closed during the entire holiday of Labor Day, September 1st, and the Plaintiff was deprived of the revenue and profits from the display of 'Anybody's

War,' one of the year's most popular pictures, for September 1st, 2nd and 3rd; that the Plaintiff was caused to lose money it had expended for advertising of the said picture; that the plaintiff was put to great unnecessary trouble and inconvenience, unto the plaintiff's loss in the sum of Three Thousand ($3,000.00) Dollars.

"Tenth: That as the plaintiff has been informed and believes the said moving picture, 'Anybody's War,' was sent and delivered to Charlotte, North Carolina, by the defendant company, its agents or servants, although the package was plainly marked and addressed to the Gloria Theater, Charleston, South Carolina; that the damage and loss to the Plaintiff as above set forth was due to and caused by the negligence, recklessness, carelessness, and wilful and wanton acts of the defendant company, its agents or servants in the following particulars, to wit:

" 'A.' In failing and omitting to carry and deliver the said shipment to its destination and consignee thereof in Charleston, South Carolina, although the defendant, its agents or servants knew or should have known that the said shipment was consigned to the Gloria Theater in Charleston, South Carolina.

" 'B.' In failing and omitting to read the address on the said shipment correctly.

" 'C.' In failing and omitting to place said shipment in the proper cars on the proper train so as to have the same reach Charleston, South Carolina, within a reasonable time after the delivery of the said films to the defendant Company's agent in Jacksonville, Florida.

" 'D.' In carrying the said shipment to Charlotte, North Carolina, instead of Charleston, South Carolina, as it was addressed.

" 'E.' In failing and omitting to send said shipment to Charleston promptly after it was descovered by the defendant Company, its agents or servants, or should have been discovered by them, that it had been improperly and wrongly

carried to Charlotte, North Carolina, through the negligence, recklessness, carelessness and wilful conduct of the defendant, its agents or servants.

" 'F.' In carrying on its Business as a common carrier and discharging the duties owing by it to the plaintiff and the general public in a careless, reckless and wilful manner and without due regard to the rights of the plaintiff and the public herein.

" 'G.' In employing and allowing to remain in its employ negligent employees who failed and omitted to observe the correct address on the said films or if observing the correct address so recklessly handled the same as to cause the said films not to be delivered to the consignee thereof, within a reasonable time after the same were placed with the defendant company's agent in Jacksonville, Florida.

" 'H.' In failing and omitting to have done anything whatsoever to have prevented the said films from having been wrongly taken to Charlotte, North Carolina, and not delivered to the correct consignee thereof at Charleston, South Carolina.

" 'I." In failing and omitting to have done anything whatsoever to have prevented the said delay in the shipment of the films to the consignee thereof at Charleston, South Carolina.

"Eleventh: That by reason of the said recklessness, carelessness, wilful and wanton conduct of the defendant company, its agents or servants, as above set forth, the Plaintiff has been hurt, injured and damaged to its loss in the sum of Three Thousand ($3,000.00) Dollars.

"Wherefore, Plaintiff prays judgment against the defendant in the sum of Three Thousand ($3,000.00) Dollars, together with the costs and disbursements of this action."

Pursuant to notice by defendant's counsel, after hearing and argument by counsel representing the parties, his Honor, Judge Grimball, issued the following order in the cause:

."This matter now comes before me on motion of Defendant for an order striking out as irrelevant and redundant certain portions of the complaint.

"I have heard the arguments of counsel both for and against the motion, and I have also read and examined the following authorities pertinent to the question involved: *Smith v. Smith,* 50 S. C., 54, 27 S. E., 545; *Ragsdale v. Ry.,* 60 S. C., 381, 38 S. E., 609; *Alexander v. DuBose,* 73 S. C., 21, 52 S. E., 786; *Epstin v. Berman,* 78 S. C., 327, 58 S. E., 1013; *Swift & Co. v. Sullivan,* 149 S. C., 424, 147 S. E., 315; *Vann v. Tyler,* 106 S. C., 377, 91 S. E., 301; *Gadsden v. Fertilizer Co.,* 89 S. C., 488, 72 S. E., 15; *Towles v. R. R.,* 83 S. C., 501, 65 S. E., 638; *Lester v. Fox Film Corporation,* 114 S. C., 533, 104 S. E., 178; *Diamond v. Express Co.,* 131 S. C., 452, 128 S. E., 417; *Strange v. R. Co.,* 77 S. C., 182, 57 S. E., 724.

"My examination of these cases convinces me that the great weight of authority sustains the motion.

"It is therefore ordered that the following portions of the complaint be and the same are hereby stricken out:

"1. Paragraphs 4, 5 and 7.

"2. The following portion of Paragraph 6: 'That the films delivered to the defendant company's agent, in fact, were the prints of the moving picture known as "Anybody's War," which picture is considered well known and extensively advertised as one of the most popular pictures of the year 1930.'

"3. The following portion of Paragraph 9: 'That as a result of the delay in delivering the films to the Gloria Theater in Charleston, South Carolina, the Gloria Theater had to remain absolutely closed during the entire holiday of Labor Day, September 1st, and the plaintiff was deprived of the revenue and profits from the display of "Anybody's War," one of the year's most popular pictures for September 1st, 2nd and 3rd.' "

As stated, from this order the plaintiff has appealed to this Court.

In our opinion, under the authority of the cases of *Diamond v. Express Co.*, 131 S. C., 452, 128 S. E., 417, and *Lester v. Fox Film Corporation*, 114 S. C., 414, 103 S. E., 775, and authorities therein cited, the complaint clearly states a cause of action for actual and punitive damages and the allegations ordered stricken out by his Honor, Judge Grimball, are, according to our view, pertinent and necessary parts of the complaint. Paragraphs 4 and 5, ordered stricken out by his Honor, in effect allege knowledge by the defendant of the plaintiff's business and also knowledge by the defendant that the plaintiff would sustain a loss in the event the films in question were not delivered promptly or within a reasonable time. The allegations contained in Paragraph 7 are pertinent on the question of the extent of the plaintiff's alleged damage; and the same is true as to the portions of the allegations of Paragraphs 6 and 9 ordered stricken out.

The order appealed from is therefore reversed, and the case remanded for further proceedings consistent with the views herein expressed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.

MR. JUSTICE COTHRAN did not participate on account of illness.