## MICROSTAT CORPORATION OF NEW ENGLAND, INC.

*vs.*

## RAILWAY EXPRESS AGENCY, INC.

Superior Court          Fairfield County          File No. 66280

MEMORANDUM FILED JUNE 7, 1944.

*Vogel & Sigsway*, of South Norwalk, for the Plaintiff.

*Pullman & Comley*, of Bridgeport, for the Defendant.

McEVOY, J. In this action the plaintiff seeks to recover damages from the defendant for injury to certain equipment owned by the plaintiff and for special damages arising out of claimed loss of profit, all due to the injury caused to the equipment by the alleged negligence of the defendant as a carrier.

There is some uncertainty in the evidence as to the time

when the damage to the plaintiff's equipment occurred due, in a measure, to the fact that the defendant recived no notification of the claimed injury until the goods had been delivered to and had been used for several days by the plaintiff's agent.

The evidence is in a state of uncertainty which makes it difficult to determine the exact injury caused to the plaintiff's · goods and the amount of expenditure required to effectuate repairs to the equipment.

The plaintiff claims a loss of use and a profit which the plaintiff has suffered by reason of its claimed inability to properly carry out certain contracts which the plaintiff had with various clients and this is upon the theory that the plaintiff's equipment was so packed and crated and designated as to reasonably warn the defendant of the nature and character of the equipment and further, to reasonably warn the defendant of the necessity for prompt shipment and careful handling in the delivery.

"The essence of the rule seems to be that the defendant must, in some measure, have contemplated the injury for which damages are claimed. If it was the direct and natural result of the breach of contract itself, he did contemplate it; but if the injury did not flow naturally from the breach, but the breach combined with special circumstances to produce it, then the defendant did not contemplate it, and consequently is not liable, unless he had knowledge of the special circumstances." *Cohn vs. Norton,* 57 Conn. 480, 492.

It is difficult to find, in the evidence, any facts which would reasonably have been sufficient to have warned the defendant of the necessity for prompt shipment or that the crates containing the equipment were used by the plaintiff for designed, but to the defendant, unknown purposes.

While it is the law that the notice to the carrier as to the nature of the content of the shipment need not be express or actual yet the carrier is required only to exercise ordinary care in an effort to know or make effort to inform itself as to what the nature of the shipment is and its use. *Diamond vs. Southeastern Express Co.,* 131 S.C. 452, 128 S.E. 417.

"When a seller wrongfully fails to deliver the promised goods, the buyer's damage from inability to use them for a special profitable purpose he has had in mind is a consequence

which is proximate, but not usual or to be reasonably expected by the seller. The law of torts and of contracts differ in this respect. For a tort the defendant becomes liable for all proximate consequences, while for breach of contract he is liable only for consequences which were reasonably forseeable at the time when it was entered into, as probable if the contract were broken." 5 *Williston, Contracts* (Rev. ed. 1937) §1344.

"Special damages are not recoverable in an action against a carrier for....injury....to property shipped, unless it had notice or knowledge of the peculiar circumstances from which such damages would flow...." 13 *C.J.S., Carriers,* §267, p. 619.

Connecticut has also applied this rule limiting the damages for breach of contract to those within the contemplation of the parties at the time the contract was made. *Jordan, Marsh & Co., vs. Patterson,* 67 Conn. 473, 481-483; *Crug vs. Gorham,* 74 id. 541; *Bernhard vs. Curtis,* 75 id. 476.

The law, as applied to the facts found in this case, is such that the plaintiff is not entitled to recover special damages, but only in accordance with the rule: "The general rule is that the measure of damages....is....in case of injury, the difference between the value at the time and place of delivery in an injured condition and the value in the depreciated condition in which the property is actually delivered." 13 *C.J.S., Carriers,* §264, p. 609.

This difference in value, in the instant case, is ascertainable by calculating the amount reasonably necessary to repair the damage caused to this equipment in transit.

This amount is found to be $435.41.

Judgment may enter in favor of the plaintiff to recover of the defendant $435.41 and its costs.